UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND,<br>Petitioner<br>v.<br>WARDEN,<br>Respondent. | Case No. 2:19-cv-09730-DSF (GJS)<br><br>**ORDER: SUMMARILY DENYING AND DISMISSING PETITION; AND DENYING CERTIFICATE OF APPEALABILITY** |

On November 13, 2019, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District [Dkt. 1, "Petition"]. The Petition challenges a September 2017 decision by California's Board of Parole Hearings ("BPH") finding Petitioner to be unsuitable for release on nonviolent offender parole.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears on the face of the Petition that Petitioner's claims are not cognizable in federal habeas review and could not be rendered cognizable through amendment. Therefore, the Petition must be dismissed, for the reasons set forth below.

**BACKGROUND**

In 2012, in Los Angeles Superior Court, Petitioner was convicted of violations of California Penal Code §§ 148(a)(1) and 12022.1 and California Health & Safety Code §§ 11351, 11375(b)(1), and 11370.2(a). In February 2013, he received a total sentence exceeding 25 years. [*See* Petition at ECF #45.]

Following the conclusion of his state direct appeal, Petitioner sought federal habeas relief in Case No. 2:16-cv-02118-DSF (GJS) in this District. Habeas relief was denied on July 29, 2019, and Petitioner's appeal to the United States Court of Appeals for the Ninth Circuit is pending (No. 19-56092).

As discussed below, in November 2016, California voters approved Proposition 57, which made parole more available for certain felons convicted of nonviolent crimes (hereafter, "nonviolent offender parole"). On or about July 1, 2017, Petitioner was informed that he was eligible for consideration for nonviolent offender parole. [Petition at ECF ## 83, 99-101.] On September 4, 2017, the BPH denied Petitioner nonviolent offender parole, finding that he posed an unreasonable risk of violence to the community. [Petition at ECF ## 103-04, the "BPH Parole Decision".] The BPH found that while Petitioner's current commitment offense overall is a mitigating factor (although his multiple Count 5 felonies were an aggravating factor), both his prior criminal history and his institutional behavior were aggravating factors that, on balance, outweighed the mitigating factor. The BPH stated: "The prior criminal history is long and evidences violent conduct (robberies) which when combined with his continued negative institutional conduct supports the conclusion he is a risk of violence to the community." [*Id.*]

Petitioner sought review of the BPH Parole Decision. [Petition at ECF ## 112-14.] On October 16, 2017, the BPH upheld its prior decision, finding that no factual or legal errors had been made and that the regulatory criteria for assessing nonviolent offender parole had been applied properly. [Petition at ECF ## 109-10.]

Over 17 months passed. On March 21, 2019, Petitioner filed a habeas petition in

2

the Los Angeles Superior Court, which apparently raised the claims alleged in this case. On April 17, 2019, in a written reasoned decision, the Los Angeles Superior Court denied the habeas petition on its merits. [Petition at ECF ## 30-34.] The Superior Court found that the California law "some evidence" standard (discussed *infra*) had been satisfied. The Superior Court found that the BPH had erred in treating Petitioner's prior criminal history as an aggravating factor and that it, instead, should have been viewed as a mitigating factor. The Superior Court nonetheless found habeas relief unavailable under the governing "some evidence" standard, concluding that: Petitioner's institutional misconduct was probative of current dangerousness and constituted "some evidence" to support the BPH Parole Decision; and Petitioner had received the parole consideration to which he was entitled for due process purposes. The Superior Court rejected Petitioner's contention (also made here) that, under Proposition 57, he is presumptively entitled to release upon serving the full term for his primary offense, noting that Proposition 57, as enacted in Article I, section 32 of the California Constitution, merely provides that a qualifying prisoner "shall be eligible for parole consideration" after completing such a full term. [*Id.* at 34.]

Petitioner thereafter sought habeas relief in the California Court of Appeal by habeas petition filed on May 20, 2019 (Case No. B297694). On May 24, 2019, the California Court of Appeal denied habeas relief, stating that Petitioner had failed to demonstrate a prima face case for relief. [Petition at ECF # 5.] Petitioner then filed a habeas petition in the California Supreme Court (Case No. S256662), which summarily denied relief on September 25, 2019. [Petition at ECF # 3.]

## PETITIONER'S HABEAS CLAIM

While it is readily apparent that the Petition challenges the BPH Parole Decision, the Petition itself is difficult to follow, given its length (120 pages) and jumbled nature. In an unusual formatting decision, the Petition commences with 43

3

pages of exhibits from Petitioner's state habeas filing before picking up with Petitioner's actual federal habeas petition [ECF ## 44-51], before again appending selected portions of Petitioner's state court filings and exhibits. Throughout much of his argument, Petitioner discusses and opines about the *Plata/Coleman* class actions, a February 2014 "Three-Judge Court" Order, and a related parole review program implemented for non-violent, non-sex-registrant second-strike offenders (known by the acronym "NVSS"). It is unclear why he does so given that (as the exhibits to the Petition demonstrate) Petitioner was reviewed for parole pursuant to the nonviolent offender parole review system implemented through regulations enacted in 2017 following the passage of Proposition 57.

Be that as it may, the Petition itself alleges only two claims. Ground One asserts that, under the above-noted unidentified Three-Judge Court Order, Petitioner's imprisonment is "unlawful" "because" of the enactment of Proposition 57 as implemented in Art. I, sec. 32(a)(1) of the California Constitution. [Petition at ECF # 5.] Ground Two states only that as a result of Proposition 57's enactment, Petitioner is presumed eligible for parole and is referred to the BPH to determine whether his release would pose an unreasonable risk of violence to the community. [*Id.*] Neither of these Grounds come close to stating any kind of cognizable federal habeas claim; rather, they are nothing more than an assertion that, under Proposition 57, Petitioner is entitled to release on parole. In an effort to determine what Petitioner actually is complaining about, the Court has carefully reviewed the Petition *in toto* and has liberally construed it. Excessive and irrelevant verbiage aside, it appears that Petitioner seeks federal habeas relief based on a simple claim.

Petitioner argues that the Proposition 57 procedures give rise to a federal procedural due process liberty interest. He contends that this liberty interest was violated for two reasons. First, Petitioner complains that the BPH looked to his prior criminal record as a basis for finding him unsuitable for parole, which it is not permitted to do. Second, Petitioner agrees with the state court that California's

4

"some evidence" standard – as it has been interpreted to apply to parole decisions for prisoners with indeterminate terms – applies to nonviolent offender parole decisions, but contends that the "some evidence" requirement is not met as to the BPH Parole Decision. Petitioner argues that there is "no evidence" to support the BPH's finding that Petitioner poses an unreasonable risk of violence. At the end of his argument, Petitioner asserts that he is entitled to receive an evidentiary hearing to determine his suitability for parole.

## DISCUSSION

On November 8, 2016, California voters approved Proposition 57 and it took effect the next day. As implemented in the California Constitution, Proposition 57 provides, as relevant here: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense." Cal. Const. art. I, § 32, subd. (a)(1). Proposition 57, thus, did not mandate that inmates within its scope actually be paroled but, rather, that they be eligible for parole consideration once they have completed the required base term. The regulations that went into effect following Proposition 57 and that governs nonviolent offender parole review require the BPH hearing officer to weigh enumerated factors "and, based on the totality of the circumstances, determine if the inmate poses a current, unreasonable risk of violence or a current, unreasonable risk of significant criminal activity." *See* 15 C.C.R. § 2449.5(a).

With respect to parole suitability consideration in California, as a general matter, "the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety and thus may not be released on parole." *In re Lawrence*, 44 Cal. 4th 1181, 1210 (2008). California law requires that a finding a prisoner is unsuitable for parole be supported by "some evidence" that he currently poses such a threat. *See id.* at 1212;

*In re Shaputis*, 44 Cal. 4th 1241, 1254 (2008). Petitioner argues that the "some evidence" standard applies to the BPH Parole Decision, and asks this Court to find it unsatisfied, including by holding an evidentiary hearing on this issue.

In *Swarthout v. Cooke*, 562 U.S. 216 (2011) (*per curiam*), the Supreme Court considered a habeas claim akin to that made by Petitioner, namely, that a California state prisoner's right to federal due process was violated by a parole unsuitability finding that allegedly was not supported by "some evidence." The Supreme Court observed that a state, such as California, may create "a liberty interest in parole." *Id.* at 219. The existence of such a *state* liberty interest, however, does not give rise to a federal right to be paroled, and compliance with California's "some evidence" requirement is not a substantive due process requirement. *Id.* at 220-21 ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."; and "No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement."); *see also Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011) ("'there is no substantive due process right created by California's parole scheme'") (citation omitted).

*Cooke* made clear that the only federal issue cognizable when a California prisoner complains that his denial of parole violates due process is a procedural one, namely, did the prisoner receive the "minimal" procedures required by procedural due process, which are the right to be heard and a statement of the reasons why parole was denied. 562 U.S. at 220. This is "the beginning and the end of the federal habeas courts' inquiry" into a due process claim. *Id.* The Court need not, and does not, decide whether or not Proposition 57 gives rise to a constitutionally protected liberty interest, because even if, *arguendo*, it does, no violation exists here. Petitioner does not allege or complain that he did not receive the minimal procedural requisites noted in *Cooke*, nor could he. The record shows that Petitioner received an initial notice advising him that he was eligible for screening for

nonviolent offender parole consideration and explaining the process. [Petition at ECF ## 99-100.] He received a July 1, 2017 Notice advising that he had passed screening and would be referred to the BPH for nonviolent offender parole review. The Notice expressly advised Petitioner that he had 30 days in which to submit to the BPH a written statement explaining why he believed he would not pose a risk of violence if released and why he should be released on parole. [*Id.* at # 101.] Petitioner alleges that he submitted such a written statement on or about July 12, 2017. [*Id.* at # 83.] Petitioner thereafter received the BPH Parole Decision, which set forth in writing the BPH's "Statement of Reasons" for finding Petitioner unsuitable for nonviolent offender parole. [*Id.* at ##103-04.] Petitioner then moved for reconsideration, and in denying reconsideration, the BPH again provided him with a written statement of reasons for its decision. [*Id.* at ## 109-10.]

In short, the Petition does not and cannot set forth any tenable basis for finding a procedural due process violation within the scope of *Cooke*. Rather, through this action, Petitioner takes issue with: the BPH's erroneous reliance on his prior criminal record in connection with its finding that he presents an unreasonable risk of violence; and the state court's subsequent conclusion on habeas review that, even after setting that BPH error aside, "some evidence" nonetheless supports that finding. Petitioner disagrees with the state court's finding that his institutional misconduct constitutes "some evidence" to support the risk of violence finding. The crux of Petitioner's claim is that the BPH misapplied California law when it made its dangerousness assessment by improperly applying the factors required to be considered under the relevant regulation and that the state court misapplied California law in finding "some evidence" to support the BPH's assessment. In short, Petitioner argues that the BPH and the California courts reached an incorrect result under California law. This claim, however, does not raise a cognizable federal issue. *See Cooke*, 562 U.S. at 221 ("it is no federal concern here whether California's 'some evidence' rule of judicial review (a procedure beyond what the

Constitution demands) was correctly applied"); *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011) ("it makes no difference that [petitioner] may have been subjected to a misapplication of California [law]. A state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus.").

Petitioner's arguments raise, at most, a claim that the BPH and the state courts failed to properly apply California law in determining his suitability for nonviolent offender parole and in finding the required "some evidence."[1] The Petition raises the very type of claim that *Cooke* made clear is not cognizable on federal habeas review. *Cooke* flatly rejected the contention that the federal Due Process Clause contains a guarantee of evidentiary sufficiency with respect to a parole determination. *Cooke*, 562 U.S. at 220-21; *see also Miller v. Oregon Bd. of Parole*, 642 F.3d 711, 716-17 (9th Cir. 2011) (the only federal habeas issue cognizable is not whether Board's parole denial was "substantively reasonable" or whether the Board correctly applied state parole standards; rather, the sole issue is simply "whether the state provided [petitioner] with the minimum procedural due process outlined in *Cooke*"); *Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011) (*Cooke* "held that, under the Fourteenth Amendment's Due Process Clause, the protections to which a California inmate is entitled prior to a denial of parole do not include a showing of some evidence of future dangerousness"). Accordingly, the Petition's attempt to challenge the sufficiency of the evidence underlying the BPH Parole Decision is not cognizable. *See id.* ("*Cooke* makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition

---

[1] The Superior Court agreed with Petitioner that the BPH had erred by considering Petitioner's prior crimes to be an aggravating factor, but effectively found this error to be harmless, because his institutional misconduct was an aggravating factor and constituted "some evidence" to support the BPH's unreasonable risk of violence finding. Given that the state court found in Petitioner's favor on his claim that the BPH committed error with respect to its treatment of his prior criminal record, the lengthy argument in the Petition regarding the BPH's error in this same respect is unnecessary. In any event, this argument again amounts only to a complaint about state law error that is not cognizable.

8

filed under 28 U.S.C. § 2254."). As in *Pearson*, because Petitioner does not complain that the "minimal" procedures required by due process were not provided and, instead, complains only that "some evidence" does not support the BPH Parole Decision, "our inquiry it at its end" (*id.*) and dismissal is required.[2]

**CONCLUSION**

For the foregoing reasons, the Petition fails to plead any claim that is cognizable in federal habeas review, and no amount of amendment could make it so. It is plain from the face of the Petition that summary dismissal of the Petition is required by Rule 4. Accordingly, IT IS ORDERED that: the Petition is DENIED; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 20, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner's assertion that he is entitled to have an evidentiary hearing at which the "some evidence" issue will be relitigated flies in the face of *Cooke* and is rejected.

9